1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

CARPENTERS HEALTH AND SECURITY
TRUST OF WESTERN WASHINGTON;
CARPENTERS RETIREMENT TRUST OF
WESTERN WASHINGTON; CARPENTERS-
EMPLOYERS VACATION TRUST OF
WESTERN WASHINGTON; and
CARPENTERS-EMPLOYERS
APPRENTICESHIP AND TRAINING TRUST
FUND OF WASHINGTON-IDAHO,

Case No. 2:19-cv-01029

COMPLAINT FOR MONETARY
DAMAGES

Plaintiffs,

v.

TERAS CONSTRUCTION, LLC, a Washington
limited liability company,

Defendant.

## I. **PARTIES**

1.1    Plaintiff Carpenters Health and Security Trust of Western Washington ("Carpenters Health Trust") is a Taft-Hartley trust fund established to provide and maintain hospital, medical, dental, vision, disability or death benefits and any other similar benefits, or any combination thereof as the Trustees may determine in their discretion for the benefit of the Employees and their beneficiaries.   The Carpenters Health Trust maintains its principal office in Seattle, King County, Washington.

COMPLAINT FOR MONETARY DAMAGES – 1
2:19-cv-01029

1700 013 ug021901

1.2     Plaintiff Carpenters Retirement Trust of Western Washington ("Carpenters Retirement Trust") is a Taft-Hartley trust fund established to provide retirement and associated death benefits for employees and their beneficiaries.  The Carpenters Retirement Trust maintains its principal office in Seattle, King County, Washington.

1.3     Plaintiff Carpenters-Employers Vacation Trust of Western Washington ("Carpenters Vacation Trust") is a Taft-Hartley trust fund established to provide vacation benefits for employees.  The Carpenters Vacation Trust maintains its principal office in Seattle, King County, Washington.

1.4     Plaintiff Carpenters-Employers Apprenticeship and Training Trust Fund of Washington-Idaho ("Carpenters Apprenticeship Trust") is a Taft-Hartley trust fund established to defray, in whole or in part, costs of apprenticeship or other training programs for the education of apprentices and journeymen carpenters.  The Carpenters Apprenticeship Trust maintains its principal office in Seattle, King County, Washington.

1.5     The Plaintiffs are commonly known as and referred to collectively as the Carpenters Trusts of Western Washington (or the "Carpenters Trusts").

1.6     Defendant Teras Construction, LLC ("Teras") is a Washington limited liability company with its principal place of business in Tacoma, Pierce County, Washington.

## II.  JURISDICTION AND VENUE

2.1     This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

COMPLAINT FOR MONETARY DAMAGES – 2
2:19-cv-01029

1700 013 ug021901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

### III. <u>FACTS</u>

3.1    On or about December 5, 2013, Tom Thompson, identifying himself as "Member" executed a Compliance Agreement on behalf of Teras Construction, LLC with the Pacific Northwest Regional Council of Carpenters (the "Union").   The Compliance Agreement incorporates by reference the terms and conditions of the *2012 – 2025 Agreement between Associated General Contractors of Washington and Carpenters, Piledrivers, and Millwrights of the Pacific Northwest Regional Council of Carpenters affiliate of United Brotherhood of Carpenters and Joiners of America*, effective June 1, 2012 (the "Master Labor Agreement"):

> 1. DESIGNATED LABOR AGREEMENT: The employer adopts and agrees to abide by the following Labor Agreement(s): The WESTERN & CENTRAL WASHINGTON AREA MASTER AGREEMENT between the Employers represented by THE AGC OF WASHINGTON and the Regional Council.  Current version effective June 1, 2012 through May 31, 2015.

3.2    The current Master Labor Agreement in effect is the *2018 – 2021 Agreement between Associated General Contractors of Washington and Carpenters, Piledrivers, and Millwrights of the Pacific Northwest Regional Council of Carpenters United Brotherhood of Carpenters and Joiners of America*, effective June 1, 2018.

3.3    By signing the Compliance Agreement, Teras agreed to make fringe benefit contributions to the Carpenters Trusts and be bound by the written terms and conditions of their respective trust agreements:

> 3. TRUST FUND OBLIGATIONS: The undersigned Employer hereby becomes a party to the applicable Trust Agreements for the trust funds or their successors identified in the designated Labor Agreement.   The Employer agrees to be bound by the written provisions and procedures of said Trust Agreements, and any present or future amendments, and to any successor Trust Agreements.

COMPLAINT FOR MONETARY DAMAGES – 3
2:19-cv-01029

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 013 ug021901

Employer accepts as its lawful representatives, the employer trustees who are now or who may hereafter serve on the Board of Trustees of the respective Trusts as determined by the Trust Agreements.

3.4     Prompt payment of wages and fringe benefit contributions is an essential term of the Compliance Agreement.

3.5     The Carpenters Trusts are beneficiaries under the terms of the Compliance Agreement and the Master Labor Agreement.

3.6     By executing the Compliance Agreement, as discussed above, Teras agreed to the written terms of the (i) Carpenters Health & Security Trust of Western Washington; (ii) Carpenters Retirement Trust of Western Washington; (iii) Carpenters-Employers Vacation Trust of Western Washington; and (iv) Carpenters-Employers Apprenticeship and Training Trust Fund of Washington-Idaho.

3.7     Teras' obligations under the Carpenters Health Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Health and Security Trust of Western Washington*, dated January 1, 1998, and as amended.  Effective January 1, 2019, Teras' obligations are set forth in Article IX, Sections 9.01 – 9.07 of the *Trust Agreement Governing the Carpenters Health and Security Trust of Western Washington*.  Under the Carpenters Health Trust, Teras agreed to, among other things:

- ▪ Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;

- ▪ Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

COMPLAINT FOR MONETARY DAMAGES – 4
2:19-cv-01029

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 013 ug021901

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time;  and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8     Teras' obligations under the Carpenters Retirement Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Retirement Trust of Western Washington*, dated January 1, 1998, and as amended.  Effective January 1, 2019, Teras' obligations are set forth in Article IX, Sections 9.01 – 9.07 of the *Trust Agreement Governing the Carpenters Retirement Trust of Western Washington*.  Under the Carpenters Retirement Trust, Teras agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time;  and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9     Teras' obligations under the Carpenters Vacation Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Vacation Trust of Western Washington*, dated January 1, 1998, and as amended.  Effective January 1, 2019, Teras' obligations are set forth in Article IX,

COMPLAINT FOR MONETARY DAMAGES – 5
2:19-cv-01029

1700 013 ug021901

Sections 9.01 – 9.06 of the *Trust Agreement Governing the Carpenter-Employers Vacation Trust of Western Washington*.  Under the Carpenters Vacation Trust, Teras agreed to, among other things:

- ▪ Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- ▪ Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- ▪ Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- ▪ Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time; and

- ▪ Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.10    Teras' obligations under the Carpenters Apprenticeship Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington*, dated January 1, 1998, and as amended.  Under the Carpenters Apprenticeship Trust, Teras agreed to, among other things:

- ▪ Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- ▪ Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- ▪ Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- ▪ Payment of interest of not less than seven percent (7%); and

COMPLAINT FOR MONETARY DAMAGES – 6
2:19-cv-01029

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 013 ug021901

▪   Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.11   Upon information and belief, following execution of the Compliance Agreement, Teras used employees to perform work subject to the Master Labor Agreement. Teras also began its monthly reporting and payment of fringe benefit contributions to the Carpenters Trusts.

3.12   On March 6, 2017, Teras entered into an Installment Payment Plan with the Carpenters Trusts to pay down the company's $59,207.80 delinquency for the period October 1, 2016 through January 31, 2017.  The delinquency included $47,643.14 in unpaid fringe benefit contributions.

3.13   By November 2018, Teras had paid down the Installment Payment Plan leaving a balance owed of $9,156.05 in liquidated damages.  Teras requested a waiver of the remaining liquidated damages owed.  On November 27, 2018, the Carpenters Trusts denied the waiver request, and as a courtesy moved the next payment – which was due on December 1, 2018 – to January 2, 2019.  Teras did not provide an installment payment on or before the January 2, 2019 deadline.

3.14   Teras then fell behind in providing the Carpenters Trusts with the company's monthly remittance reports beginning with its December 2018 report, which was due on or before January 15, 2019.  Teras submitted unfunded remittance reports to the Carpenters Trusts for the months of January through May 2019.  Teras eventually did provide payment in full of the contributions listed on its January through March 2019 remittance reports. Teras did not provide payment of the related liquidated damages and other ancillary charges arising from those untimely reports.

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.15    Teras has failed to pay the remaining liquidated damages owed under the Installment Payment Plan.  As of the date of this complaint, Teras owes $9,156.05 in liquidated damages for the period covered by the breached Installment Payment Plan.

3.16    Teras also owes the Carpenters Trusts $5,638.62 in delinquent and unpaid fringe benefit contributions for the months of April and May 2019.  Teras owes the Carpenters Trusts an additional $4,980.38 in liquidated damages and $2,507.26 in accrued prejudgment interest due to its routine untimely reports and payments for the period February 2017 through May 2019, plus additional amounts for attorney fees and costs.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.16 above.

4.2    Teras' failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Compliance Agreement and the Master Labor Agreement between the Union and Teras, to which the Carpenters Trusts are beneficiaries. Teras' failure to fully pay fringe benefit contributions it reported also constitutes breaches of the Trust Agreements, the terms of which Teras agreed to when it signed the Compliance Agreement.

4.3    As a result of Teras' breach, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $5,638.62 in delinquent fringe benefit contributions, plus other ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

COMPLAINT FOR MONETARY DAMAGES – 8
2:19-cv-01029

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 013 ug021901

**Second Cause of Action**
**(Violation of ERISA**)

4.4     The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.16 above.

4.5     Teras' failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6     As a result of Teras' violation, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $5,638.62 in delinquent fringe benefit contributions, plus other ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

## V.  <u>REQUESTED RELIEF</u>

The Plaintiff Carpenters Trusts respectfully request the Court grant the following relief:

A.     Judgment in favor of the Carpenters Trusts against Teras, in an amount to be determined at trial, but not less than $5,638.62, representing past-due and delinquent fringe benefit contributions owed by defendant pursuant to the terms of the labor and trust agreements to which Teras is a party;

B.     Judgment in favor of the Carpenters Trusts against Teras, in an amount to be determined at trial, but not less than $10,659.40, representing liquidated damages owed by defendant pursuant to the terms of the labor and trust agreements to which Teras is a party;

C.     Judgment in favor of the Carpenters Trusts against Teras, in an amount to be determined at trial, but not less than $2,507.26, representing accrued prejudgment interest owed by defendant pursuant to the terms of the labor and trust agreements to which Teras is a party;

D.     An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Teras is a party, and as authorized under ERISA;

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 013 ug021901

E.     An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA; and

F.     Any other such relief under federal law or as is just and equitable.

Dated: July 2, 2019.

s/  Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
McKENZIE ROTHWELL BARLOW
  & COUGHRAN, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Counsel for the Carpenters Trusts of Western
Washington

COMPLAINT FOR MONETARY DAMAGES – 10
2:19-cv-01029

1700 013 ug021901