HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WASHINGTON-IDAHO,

Plaintiffs,

v.

TERAS CONSTRUCTION, LLC, a Washington limited liability company,

Defendant.

Case No. 19-cv-01029-RAJ

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

This matter comes before the Court on Plaintiffs' motion for default judgment against Defendant Teras Construction, LLC ("Teras"). Dkt. # 10. On July 10, 2019, Teras was served with a summons and copy of the complaint. Dkt. # 5. Teras did not

ORDER – 1

1   appear or otherwise respond.  On November 18, 2019, the Court entered an order of
2   default against Teras.  Dkt. # 9.  Plaintiffs now move for default judgment.  For the
3   following reasons, the Court **DENIES** the motion without prejudice.

4         At the default judgment stage, a court presumes all well-pleaded factual
5   allegations are true, except those related to damages.  *TeleVideo Sys., Inc. v. Heidenthal*,
6   826 F.2d 915, 917-18 (9th Cir. 1987)*; see also Fair House. of Marin v. Combs*, 285 F.3d
7   899, 906 (9th Cir. 2002).  Where those facts establish a defendant's liability, the court has
8   discretion, not an obligation, to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d
9   1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388,
10  1392 (9th Cir. 1988).  A plaintiff must submit evidence supporting a claim for a
11  particular sum of damages.  *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P.
12  55(b)(2)(B).  If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or
13  capable of mathematical calculation," the court must hold a hearing or otherwise ensure
14  that the damage award is appropriate.  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir.
15  1981).

16        Plaintiffs are a collection of trust funds established to offer fringe benefits to
17  eligible participants. Dkt. # 1 ¶¶ 1.1-1.3.  Teras is a Washington limited liability
18  company.  *Id.* ¶ 1.6.  In late 2013, Teras executed a Compliance Agreement that bound
19  Teras to a master labor agreement (collectively, the "Agreements").  *Id.* ¶¶ 3.1-3.3.
20  Under the Agreements, Teras agreed to be bound by the terms of the four trust
21  agreements that comprise the Carpenters Trusts.  *Id.* ¶ 3.6.  In doing so, Teras also agreed
22  to pay fringe benefit contributions to each of the Plaintiff trust funds.  *Id.* ¶¶ 3.6-3.10.

23        Teras's payment of those fringe benefits has been spotty.  *Id.* ¶¶ 3.12-3.16.  From
24  late 2016 to early 2020, Teras has gone in and out of delinquency, and during that time it
25  has accumulated liquidated damages and interest.  *Id.*  But the chronology that Plaintiffs'
26  have constructed is equally spotty, making it difficult to track Teras's delinquency.  Dkt.

27
28  ORDER – 2

# 10 at 8; Dkt. # 13 at 4.  The chronology poorly describes exactly when Teras became delinquent, when it paid its delinquency in full, when it resumed payment, and when it became delinquent again.  Dkt. # 10 at 8; Dkt. # 13 at 4.  For example, after Teras repaid its initial delinquency in late 2018, it became delinquent again in early 2019 but "eventually did provide payment in full."  Dkt. # 1 ¶ 3.14.  Plaintiffs do not specify when, or whether Teras resumed making timely payments after that.  *Id.*  Similarly, after Plaintiffs filed the complaint, Teras "provided some partial payments which have significantly reduced the balance owed, but such payments have not paid off the delinquent balance in full."  Dkt. # 13 at 4.  Again, Plaintiffs do not say when, or whether Teras resumed making timely payments.

By Plaintiffs' calculations, as of the date of the motion for default judgment, Teras owes the Carpenters Trusts $50,274.52, consisting of $36,331.36 in unpaid fringe benefit contributions, $13,722.37 in liquidated damages, and $220.79 in accrued interest.  Dkt. # 10 at 8.  But the gaps in Plaintiffs' chronology make it impossible to verify its calculations.  And the only evidence that Plaintiffs provide is a claim summary of the reporting periods for May 2019, December 2019, and January 2020—three months out of more than three years of delinquencies and repayment from late 2016 to early 2020.  Dkt. # 13 at 280.  Thus, the Court cannot determine whether Plaintiffs' request is for a reasonable sum certain.

And the Court has good reason to question Plaintiffs' calculations.  According to the motion for default judgment, when Plaintiffs filed their complaint on July 2, 2019, Teras owed $70,807.52.  Dkt. # 10 at 2.  But according to the declarations filed in support of the motion, Teras owed only $22,282.31 when the complaint was filed.  Dkt. # 12 at 2; Dkt. # 13 at 4.  The Court has been unable to reconcile these two figures and does not know if this error has affected Plaintiffs' present damages calculations.

Plaintiffs also state a claim under the Employee Retirement Income Security Act

ORDER – 3

("ERISA").  Dkt. # 1 ¶¶ 4.4-4.6.  However, Plaintiffs' motion for default judgment devotes a mere two sentences to this claim and does not reference the relevant statutes or case law or identify the supporting factual allegations.  Dkt. # 10 at 4, 8.  If Plaintiffs wish to recover on this claim, they will need to do better than that.  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (holding that a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (internal citation omitted).

In a separate action before this Court, Plaintiffs also moved for default judgment.  This Court denied that motion without prejudice because, among other things, Plaintiffs failed to "clearly and consistently establish their entitlement to a specific amount" and to "directly and clearly support that request with . . . exhibits and declarations."  Order at 3, *Carpenters Health & Security Trust of W. Wash. v. GHL Architectural Millwork, LLC*, No. 2:19-cv-01030-RAJ (W.D. Wash. May 11, 2020) (Dkt. # 14).  That is also true here.  Thus, the Court leaves Plaintiffs with a few simple admonitions: check your math, clearly explain Teras's history of delinquency and payments, and ensure that the amount you seek is clearly supported by exhibits and declarations.

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for default judgment without prejudice to refiling with the corrections discussed herein.  Dkt. # 10.

Dated this 20th day of May, 2020.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4