HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WASHINGTON-IDAHO,

    Plaintiffs,

    v.

TERAS CONSTRUCTION, LLC, a Washington limited liability company,

    Defendant.

Case No.  19-cv-01029-RAJ

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

    This matter comes before the Court on Plaintiffs' amended motion for default judgment against Defendant Teras Construction, LLC ("Teras"). Dkt. # 15. On July 10, 2019, Teras was served with a summons and copy of the complaint. Dkt. # 5. Teras did not appear or otherwise respond. On November 18, 2019, the Court entered an order of default against Teras. Dkt. # 9. Plaintiffs moved for default judgment. Dkt. # 10. The Court denied the motion without prejudice. Dkt. # 14. To date, Teras has not appeared

ORDER – 1

in this matter.

Now, Plaintiffs amend their motion for default judgment.  Dkt. # 15.  For the following reasons, the Court **GRANTS** the motion.

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)*; see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).  A plaintiff must submit evidence supporting a claim for a particular sum of damages.  *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B).  If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate.  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiffs are a collection of trust funds established to offer fringe benefits to eligible participants.  Dkt. # 1 ¶¶ 1.1-1.3.  Teras is a Washington limited liability company.  *Id.* ¶ 1.6.  In late 2013, Teras executed a Compliance Agreement that bound Teras to a master labor agreement (collectively, the "Agreements").  *Id.* ¶¶ 3.1-3.3.  Under the Agreements, Teras agreed to be bound by the terms of the four trust agreements that comprise the Carpenters Trusts.  *Id.* ¶ 3.6.  In doing so, Teras also agreed to pay fringe benefit contributions to each of the Plaintiff trust funds.  *Id.* ¶¶ 3.6-3.10.  Since at least October 2016, Teras has periodically failed to timely report and pay those fringe benefit contributions, incurring liquidated damages and prejudgment interest.  Dkt. # 16 ¶ 13.

The Court denied Plaintiffs' previous motion for default judgment because their documentation of when Teras had gone in and out of delinquency was spotty.  Dkt. # 14

ORDER – 2

at 2. The chronology of payments, delinquencies, and liquidated damages was lacking, making it difficult to track the amount Teras owed and to determine whether Plaintiffs were indeed seeking a reasonable sum certain. *Id.* at 2-3.

The Plaintiffs' instant motion for default judgment is a significant improvement. Dkt. ## 15-17. It amply explains the history of Teras's delinquencies, repayments, and accrued liquidated damages and interests. Dkt. # 16. It also fully supports Plaintiffs' current request for $23,061.46, consisting of $22,556.39 in liquidated damages and $505.07 in accrued interest. Dkt. # 16 at 12; *see also id.* ¶ 22.

Finally, Plaintiffs have presented evidence of attorney's fees and costs. Dkt. # 12 at 12-20. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the Court awards the hourly fees of both Plaintiffs' counsel and counsel's hourly-billing support staff. The Court finds that Plaintiffs' evidence supports an attorney fee award of $8,036 and costs of $448. Dkt. # 12 at 12-20.

For the reasons stated above, it is hereby **ORDERED** that:

(1) Plaintiffs' amended motion or default judgment is **GRANTED** (Dkt. # 15);

(2) Default judgment is entered in favor of Plaintiffs and against Teras,

(3) Default judgment is for the total amount of $23,061.46, consisting of $22,556.39 in liquidated damages and $505.07 in accrued interest; and

(4) Plaintiffs' counsel is entitled to attorneys' fees of $8,036 and costs of $448.

DATED this 12th day of August, 2021.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3